IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| THOMAS STALLWORTH<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 3:00cv566/LAC/SMN |
| AMERICAN GENERAL LIFE AND<br>ACCIDENT INSURANCE<br>*Defendant* | §<br>§<br>§<br>§ | JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

THOMAS STALLWORTH, PLAINTIFF, complain of AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE and would show the following:

### A. Parties

1. Plaintiff, THOMAS STALLWORTH, is an individual residing in Harris County, Texas.

2. Defendant AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE is a Texas corporation conducting business in Harris County, Texas. They may be served process by serving its registered agent: Mark S. Berg, 2929 Allen Parkway, Houston, Texas, 77019.

### B. Venue and Jurisdiction

3. Venue is proper in the Northern District of Florida - Pensacola Division because the unlawful employment practice occurred in Pensacola, Florida.

4. This Court has jurisdiction over this cause because Plaintiff asserts claims pursuant to 42 U.S.C. § 2000e-2. The Court has jurisdiction over the controversy because the damages exceed the minimum jurisdictional limits of this Court.



U.S. DISTRICT CT.
N.D. DIST. FLA.

2000 DEC 18 PM 3:08

FILED

### C. Administrative Remedies

11.  The plaintiff has exhausted all administrative remedies prior to requesting a trial by jury in this court.

### D. Facts

12.  The plaintiff was an employee of the defendant. He is African-American. During the time of his employment he was not allowed to return to work on light duty. He was discharged from his sales agent job. Mr. Stallworth was discriminated against because of his race and disability. Other Caucasian employees had returned to work on light duty. The plaintiff attempted to return to work on light duty but was not allowed to do so. While the plaintiff was still on disability leave, he was discharged from his job. The plaintiff has experienced innumerable instances of discrimination by the defendant. The defendant's acts and omissions amount to a pattern and practice of discrimination.

### E. Causes of Action

14.  Plaintiffs hereby incorporate all facts stated above as if set forth fully herein.

Violation of Title VII

15.  Title VII provides that it is an unlawful employment practice for an employer to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(1). Title VII further provides that it shall be an unlawful employment practice for an employer to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an

employee, because of such individual's race, color, religion, sex or national origin. The actions of the defendant in treating the plaintiff unfairly on the basis of his color, disability and otherwise unlawful employment practices, amounts to a violation of Title VII.

Retaliation

16. Defendant is also liable to Plaintiff for negligence and gross negligence in the hiring, training, and retention of known harassers and racists, failing to implement policy and procedure to prevent racial discrimination and retaliation in the workplace, and failing to respond timely, or in any other manner, to Plaintiff's complaints of race discrimination and retaliation.

42 U.S.C. § 1981

17. Plaintiff asserts, and the evidence will show, that Defendant violated Plaintiff's rights in that Plaintiff was discriminated against on the basis of his race, African American, and the basis of his disability, Plaintiff was and are subjected to a racially hostile work environment, and Plaintiff was retaliated against for opposing and reporting acts of discrimination.

Title I of the American with Disability Acts

18. Plaintiff asserts, and the evidence will show, that Defendant violated the American with Disability Act in that Defendant refused to allow the plaintiff to return to work on light duty when opportunities to perform light duty were available. Further, the defendant violated the American with Disability Acts when the defendant discharged the plaintiff while still on disability leave.

### F. Exemplary

19. Plaintiff seeks exemplary and punitive damages for amounts the jury finds sufficient, within the parameters by law, to deter Defendant from continuing to engage in the above-stated egregious conduct.

### G. Damages

20. As a direct and proximate result of Defendant's acts and omissions, the plaintiff is entitled to the following damages:

- a) For past, present and future mental anguish;
- b) for past, present and future loss of earnings and earning capacity;
- c) for back pay;
- d) for past, present and future loss of enjoyment of life;
- e) for pre-judgment interest at the maximum rate allowed by law;
- f) for post-judgment interest at the maximum rate allowed by law;
- g) for costs of Court and reasonable and necessary attorney's fees;
- h) for punitive damages;
- i) for injunctive relief as deemed appropriate by the Court, including all equitable relief to which Plaintiffs are entitled, such as reinstatement;
- j) for compensatory damages; and,
- k) for such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show herself justly entitled.

## H. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the Defendant be cited to appear and answer, and on final trial, that Plaintiff has judgment against Defendant for:

- a. Actual damages;
- b. Pre-judgment and post-judgment interest at the highest legal rate;
- c. Attorneys' Fees;
- d. Costs of suit;
- e. Exemplary Damages; and
- f. All other relief the Court deems appropriate.

Respectfully submitted,

By: *[signature]*
THOMAS STALLWORTH
P.O. Box 87129
Houston, Texas 77287
713-910-4965

PLAINTIFF PRO SE

```
Mon Dec 18 16:15:27 2000

    UNITED STATES DISTRICT COURT

    TALLAHASSEE    , FL

Receipt No.   301 11704
Cashier        stephf

M.O. Number:  598316478

DO Code    Div No
 4617        3

Sub Acct Type Tender      Amount
1:510000  N     3          90.00
2:086900  N     3          60.00

Total Amount       $      150.00

CIVIL FILING FEE FOR 3:00CV566/LAC STALL
WORTH V. AMERICAN GENERAL

THOMAS STALLWORTH, P.O. BOX 87129, HOUST
ON ,TX
```