*Amended Complaint*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
_____ DIVISION

*Thomas Stallworth*
_____

_____

(Name of plaintiff or plaintiffs)

vs.

*American General Life*
*and Accident Insurance*

(Name of defendant or defendants)

CASE NO. **3:00CV566/LAC/SMN**
(Case number to assigned by the
Clerk's Office)

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.    This action is brought pursuant to Title VII of the Civil
Rights Act of 1964 for employment discrimination.  Jurisdiction is
specifically conferred on the Court by 42 U.S.C. Section 2000e-5.
Equitable and other relief are also sought under 42 U.S.C. Section
2000e-5(g).

2.    Plaintiff, *Thomas Stallworth*_____ is a
                      (name of plaintiff)
Citizen of the United States and resides at *101 EAST*_____
                                                       (Street
*EDGEBROOK*_____, *HOUSTON*, *HARRIS*
address)                  (City)          (County)
*Texas*, *77034*, *713-910-0905*
(State)   (Zip Code)        (Telephone Number)

*3*

9.     The circumstances under which defendant discriminated against plaintiff were as follows: <u>Title VII provides that it is an unlawful employment practice for an employer to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(1). Title VII further provides that it shall be unlawful employment practice for an employer to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin. The actions of the defendant in treating the plaintiff unfairly on the basis of his color, disability and otherwise unlawful employment practices, amounts to a violation of Title VII. Reference # RLG-2D- 200041, See also the addendum on Discrimination.</u>

10.     The acts set forth in paragraph 8 of this complaint:

(a) _____ are still being committed by defendant.

(b) __✓__ are no longer being committed by defendant.

(c) _____ may still be being committed by defendant.

11.     Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

3

3.   Defendant, _American General Life and Accident Insurance_ lives
                        (Defendant's name)

at, or its business is located at _2929 ALLEN PARKWAY_
                                        (Street address)

_HOUSTON_ , _HARRIS_ , _TEXAS_ , _77019_ .
(City)          (County)        (State)    (Zip Code)

4.   Plaintiff sought employment from the defendant or was

employed by the defendant at _375 NORTH PACE Boulevard_
                                    (Street address)

_PENSACOLA_ , _ESCAMBIA_ , _FLORIDA_ , _32505_ .
(City)          (County)        (State)    (Zip Code)

5.   Defendant discriminated against plaintiff in the manner

indicated in paragraph 8 of this complaint on or about

_9_      _3_      _99_ .
(day)    (month)    (year)

6.   Plaintiff filed charges against the defendant with the

Equal Employment Commission charging defendant with the acts of

discrimination indicated in paragraph 8 of this complaint on or

about _2_      _1_      _2000_ .
        (day)   (month)   (year)

7.   The Equal Employment Commission issued a Notice of Right

to Sue which was received by plaintiff on: _9_  _11_  _00_ ,
                                            (day) (month) (year)

a copy of which notice is attached to this complaint.

8. Because of plaintiff's (1) _✓_ race, (2) ____ color,

(3) ____ sex, (4) ____ religion, (5) ____ national origin,

defendant:      (a) ____ failed to employ plaintiff.

                (b) _✓_ terminated plaintiff's employment.

                (c) ____ failed to promote plaintiff.

                (d) ___ _Disability_

_____

_____

2

WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

(a) ____ Defendant be directed to employ plaintiff, and

(b) ____ Defendant be directed to re-employ plaintiff, and

(c) ____ Defendant be directed to promote plaintiff, and

(d) ✓ Defendant be directed to *pay Plaintiff for the loss of Income for Five Years plus 965,000 I Schedule to Make in the year 2000, also punitive damages for Mental, Emotional Anguish also for my wife mental and Emotional Anguish.*

and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

_____
SIGNATURE OF PLAINTIFF

*101 EAST EDGE BROOK*
_____
ADDRESS OF PLAINTIFF

*HOUSTON        TEXAS        77034*
_____
CITY             STATE           ZIP CODE

*713 910-4965*
_____
TELEPHONE NUMBER OF PLAINTIFF

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| THOMAS STALLWORTH | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO 300CV566LAC BMN |
| | § | |
| AMERICAN GENERAL LIFE AND | § | |
| ACCIDENT INSURANCE | § | JURY |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

THOMAS STALLWORTH, PLAINTIFF, complain of AMERICAN GENERAL LIFE

AND ACCIDENT INSURANCE and would show the following:

### A. Parties

1.    Plaintiff, THOMAS STALLWORTH, is an individual residing in Harris County. Texas.

2.    Defendant AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE is a Texas

corporation conducting business in Harris County, Texas.  They may be served process

by serving its registered agent: Mark S. Berg, 2929 Allen Parkway, Houston, Texas,

77019.

### B. Venue and Jurisdiction

3.    Venue is proper in the Northern District of Florida - Pensacola Division because the

unlawful employment practice occurred in Pensacola, Florida.

4.    This Court has jurisdiction over this cause because Plaintiff asserts claims pursuant

to  42 U.S.C. § 2000e-2.  The Court has jurisdiction over the controversy because the

damages exceed the minimum jurisdictional limits of this Court.

## C. Administrative Remedies

11.     The plaintiff has exhausted all administrative remedies prior to requesting a trial by jury in this court.

## D. Facts

12.     The plaintiff was an employee of the defendant   He is African-American.  During the time of his employment he was not allowed to return to work on light duty.  He was discharged from his sales agent job.  Mr. Stallworth was discriminated against because of his race and disability.  Other Caucasian employees had returned to work on light duty.  The plaintiff attempted to return to work on light duty but was not allowed to do so.  While the plaintiff was still on disability leave, he was discharged from his job.  The plaintiff has experienced innumerable instances of discrimination by the defendant.  The defendant's acts and omissions amount to a pattern and practice of discrimination.

## E.  Causes of Action

14.     Plaintiffs hereby incorporate all facts stated above as if set forth fully herein.

Violation of Title VII

15.     Title VII provides that it is an unlawful employment practice for an employer to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.  42 U.S C. § 2000e-2(1).  Title VII further provides that it shall be an unlawful employment practice for an employer to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an

2

employee, because of such individual's race, color religion, sex or national origin The actions of the defendant in treating the plaintiff unfairly on the basis of his color, disability and otherwise unlawful employment practices, amounts to a violation of Title VII

Retaliation

16.   Defendant is also liable to Plaintiff for negligence and gross negligence in the hiring, training, and retention of known harassers and racists, failing to implement policy and procedure to prevent racial discrimination and retaliation in the workplace, and failing to respond timely, or in any other manner, to Plaintiff's complaints of race discrimination and retaliation.

42 U.S.C. § 1981

17.   Plaintiff asserts, and the evidence will show, that Defendant violated Plaintiff's rights in that Plaintiff was discriminated against on the basis of his race, African American, and the basis of his disability, Plaintiff was and are subjected to a racially hostile work environment, and Plaintiff was retaliated against for opposing and reporting acts of discrimination.

Title I of the American with Disability Acts

18.   Plaintiff asserts, and the evidence will show, that Defendant violated the American with Disability Act in that Defendant refused to allow the plaintiff to return to work on light duty when opportunities to perform light duty were available.  Further, the defendant violated the American with Disability Acts when the defendant discharged the plaintiff while still on disability leave.

3

## F. Exemplary

19.     Plaintiff seeks exemplary and punitive damages for amounts the jury finds sufficient within the parameters by law. to deter Defendant from continuing to engage in the above-stated egregious conduct.

## G. Damages

20.     As a direct and proximate result of Defendant's acts and omissions, the plaintiff is entitled to the following damages:

a)      For past, present and future mental anguish;

b)      for past, present and future loss of earnings and earning capacity;

c)      for back pay;

d)      for past, present and future loss of enjoyment of life;

e)      for pre-judgment interest at the maximum rate allowed by law;

f)      for post-judgment interest at the maximum rate allowed by law;

g)      for costs of Court and reasonable and necessary attorney's fees;

h)      for punitive damages;

i)      for injunctive relief as deemed appropriate by the Court, including all equitable relief to which Plaintiffs are entitled, such as reinstatement;

j)      for compensatory damages; and,

k)      for such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show herself justly entitled.

4

## H. Prayer

WHEREFORE, PREMISES CONSIDERED. Plaintiff asks that the Defendant be cited to appear and answer, and on final trial, that Plaintiff has judgment against Defendant for:

a    Actual damages;

b.   Pre-judgment and post-judgment interest at the highest legal rate;

c.   Attorneys' Fees;

d.   Costs of suit;

e.   Exemplary Damages; and

f.   All other relief the Court deems appropriate.

Respectfully submitted,

By: _____
THOMAS STALLWORTH
P.O. Box 87129
Houston, Texas 77287
713-910-4965

PLAINTIFF PRO SE

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

THOMAS EDWARD STALLWORTH
      Plaintiff.

vs.
                             Case No. <u>300CV566 LAC/SMN</u>

AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE
      Defendant.

### DISCRIMINATION, HARRASSEMENT, RACE & DISABILITY

    I Thomas E. Stallworth ask the Honorable Judge and the Court to Reimburse my

lost Wages which in 1999 was $31,200 as well as the fact that it had been determined

that in 2000, I was scheduled to make $65,000., plus punitive damages against

American General Life Insurance for Harrassement, Racial and Disability.

                                  Signature

                                  P.O. BOX 89129
                                  Mailing Address

                                  HOUSTON, TEXAS 77287
                                  City, State, and Zip

                                  713 910-4965
                                  Telephone Number

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the fore-going Title V11/E.E.O.C. Complaint has been furnished to the Agents for ther defendant, Mr. Mark S. Berg, 2929 Allen Parkway, Houston, Texas 77019 and Mr. John P. Roberts, 375 North Pace Boulevard, Pensacola, Florida 32505 by regular mail,on this date Feburary 2, 2001.

Thomas E. Stallworth

## Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:<br>Mr. Thomas Stallworth<br>P O Box 87129<br>Houston, Tx 77287-7129 | From:<br>Equal Employment Opportunity Commission<br>Houston District Office<br>1919 Smith, 7th Floor<br>Houston, Texas 77002 |

[ ] *On behalf of a person aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR§§ 1601.7(a))*

Certified Mail No. 0008 8727 5030

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 330A02529 | Charles McConnell, Supervisor | (713) 209-3380 |

*(See the additional information attached to this form.)*

**YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON.**

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission.

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

### - NOTICE OF SUIT RIGHTS -

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost. WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[ ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise, your right to sue is lost. **WITH THE ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, THE COMMISSION IS TERMINATING ITS PROCESS WITH RESPECT TO THIS CHARGE.**

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

9/8/00
(Date)

H. JOAN EHRLICH
DISTRICT DIRECTOR

cc: Mr. Alan Guttman
    American General Life & A
    2929 Allen Parkway A40-00
    Houston, TX 77019

**RESPONDENT CONTACT PERSON**

Enclosures
    Information Sheet
    Copy of Charge

EEOC Form 161 (Test) 5/95)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 330A02529 |

_____ Texas Commission on Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Thomas Stallworth | (713) 910-4965 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| P O Box 87129, Houston, TX 77287-7129 | | 10/29/1942 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| American General Life & Accident In | | (713) 862-6681 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2525 North Loop West, Houston, TX 77042 | | 201 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST *Incorrect* LATEST
09/03/1999   09/03/1999
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I was not allowed to return to work on light duty.  I was discharged from my Sales Agent job.

I received a letter from M. S. Jimerson, Employee Relations Representative, stating that my leave had expired, and since I had not reported to work, the company was terminating my employment.

I believe that I have been discriminated against because of my race, Black, and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Americans with Disability Act of 1990.  Caucasian employees have returned to work on light duty, and have not been discharged. I attempted to return to work on light duty but was not allowed to do so.  While I was still on disability leave, I was discharged from my job.

*SEE Attached Copies, Date of Discrimination started after 11-5-97 when I came off of Worker's Compensation until 9-8-99.*

ANA NELLY RIVERA
MY COMMISSION EXPIRES
June 25, 2002

☐ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY — (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)*  June 23, 2002

Date 6/23/200   Charging Party *(Signature)*

EEOC FORM 5 (Rev. 06/99)

U.S. DEPARTMENT OF LABOR
EMPLOYMENT STANDARD ADMINISTRATION
OFFICE OF FEDERAL CONTRACT
COMPLIANCE PROGRAMS
61 FOROYTH STREET SW
ATLANTA, GEORGIA 30303

ATL. RO ESA

Apr 3  11 25 AM '00

REFERENCE #RLG-7-2D-200041

ADDENDUM ON DISCRIMINATION

Ms. Carol A. Gaudin

Please be advised that I am including the cause of discrimination
to be added to the case as will be shown as follows:

(A)  Business was removed from my account and given to a White
     agent, with the idea as was stated to me, of having only
     one agent in a house. However, when business was scheduled
     to go into my account, I was told that the other agent
     decided not to transfer his small amount of business to
     to my account, since I already had more business in that
     house.

(B)  On numerous occasions my supervisor Mr. Dan Ledbetter would
     constantly say to me that Black people aren't good at taking
     examinations.  This was at the time that I made an 80 on
     on the state exam, but was told that I needed an 84 score
     to pass.

(C)  Mr. Dan Ledbetter while supposedly training me, often would
     often bring up the subject of Blacks and Whites.  He would
     say my other agents didn't need to have as much training
     as you Thomas.  The real problem was that instead of train-
     ing me, we would end up at McDonalds restaurant with other
     White agents sitting and talking for about an hour and
     then we would go back to the office.

(D)  When Mr. John Roberts would have a meeting for about two
     hours, then afterwards Mr. Ledbetter would have another
     meeting and direct many of his questions to me.  Mr. Roberts
     knew that Mr. Ledbetter was trying his best to get me fired
     by screaming at me in front of other agents.  Finally Mr.
     Roberts terminated him , and then told me that he knew
     that Mr. Ledbetter didn't like me and also that he was
     hard on me, so he said we went our different ways.

(E)  Mr. Roberts then hired Mr. Steve Strout.  He wasn't a lot
     better because he would harass me constantly by calling
     my house every morning just to ask me when was I coming
     to the office, because he had to tell me something that
     was very important.  Upon arrival at the office though
     he had nothing to tell me. When  I  spoke  with  him  about
     this, his response was "I just wanted to see your face."
     When I asked him to please refrain from doing this, he
     just started all over again.

(F)   Many of the decisions made by my supervisors caused my
      salary to drop and it shouldn't have happened.

(G)   When I went to work for American General Insurance Company
      in Pensacola, Florida there was only one Black agent out
      28 to 30 agents.  Also there was 4 office workers, none
      Black.

I submit to you that there was a great deal of discrimination
going on at the time that I worked in Pensacola, Florida.

After moving to Houston on a transfer, my manager to be indicated
to me that she felt that I really was not injured in the auto
accident that I had and that if I wanted my job I had better
get to the office pain or not.  She went on to tell me that
when she broke her leg she didn't miss a day from work and that
I could do the same despite what the doctors said.

Sincerely yours

Thomas E. Stallworth
P.O. Box 87129
Houston, Texas 77287-7129
(713) 910-4965
March 25, 2000

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC)

*(This information relates to filing suit in federal or*

State court under federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)

**PRIVATE SUIT RIGHTS-**       Title VII of the Civil Rights Act, the American with Disabilities
                              Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you receive this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any questions that you did not act in a timely manner, it is prudent that your suit be filed **within 90 day of the date this Notice was mailed to you** (as indicated where the Notice is signed.)

You lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction, (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS-Equal Pay (EPA):**

EPA suits must be filed in court 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 - not 12/1/98 in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day period under Title VII, the ADA of the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2 or 3 year EPA back pay recovery period.

**ATTORNEY REPRESENTATIVE - Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Request should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE - All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer of if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**If You file Suit, Please Send A Copy Of Your Complaint To This Office.**

To File cases in Federal Court contact:

| | | |
|---|---|---|
| U.S. District Court - Bob Casey Federal Building | U.S. District Court | U.S. District Court |
| District Clerk's Office | 601 Rosenberg, Room 411 | 104 Jack Brooks Building |
| 515 Rusk - 1st Floor | Galveston, Texas 77551 | 300 Willow Street |
| Houston, Texas 77002 | | Beaumont, Texas 77701 |
| (713) 250-5500 | | |