IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH,

      Plaintiff,

vs.                                                  3:00cv566/LAC/SMN

AMERICAN GENERAL LIFE AND
ACCIDENT INSURANCE,

      Defendant.
_____/

## ORDER

      Plaintiff, who proceeds *pro se*, brings this action asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Americans with Disabilities Act. He has paid the appropriate filing fee. Before the court are plaintiff's amended complaint, (doc. 3), motion to proceed *in forma pauperis*, (doc. 4), and motion for appointment of counsel. (Doc. 5).

      Plaintiff used the forms previously provided by the court for filing his amended complaint. He failed to sign the instant complaint form, however. Plaintiff has signed an attachment to the complaint form, a copy of his initial complaint which he has entitled "Original Complaint." Plaintiff's submission is not acceptable. The amended complaint must consist of a single, **integrated** document containing all of plaintiff's claims and allegations, and it should **not refer** to or attempt to incorporate the original complaint. The amended complaint **completely** replaces all previous complaints; once

an amended complaint is filed, all earlier complaints are disregarded. Local Rule 15.1, Northern District of Florida. Plaintiff therefore shall be given the opportunity to submit a properly drafted amended complaint.

Plaintiff's motion to proceed in forma pauperis is denied. Plaintiff has already paid the filing fee in this case. It may be that he seeks such status in order to be eligible for service of the complaint by the U. S. Marshal. In any event, the application reflects that plaintiff, due to his family income and assets, is not qualified to proceed as a pauper. His total family monthly income is $ 2300.00, his listed expenses are not excessive,[1] and he has cash on hand in the amount of $ 5000.00.

Plaintiff's motion for the appointment of counsel is also denied, without prejudice. The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Not only does plaintiff not proceed in forma pauperis at this time but also the court does not presently view the case as exceptionally complex. Appointment of counsel will be considered at a later time should the need for counsel become evident.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to plaintiff a Title VII form and return to him the copy of his amended complaint.

2. Plaintiff shall have **thirty (30) days** in which to file a second amended complaint which complies with the court's instructions set forth above. The amended complaint shall also be typed or clearly written and submitted on the court's Title VII form. A copy of plaintiff's his right to sue letter must be attached. On, or as part of,

---

[1] Plaintiff lists credit card and medical debt of nearly $ 4300.00 as part of his total monthly payments of $ 4844.56. The court assumes that plaintiff's statement that these amounts are part of his total monthly obligations was made in error and that instead they constitute the entire debt due for these categories. If this assumption is incorrect (and plaintiff's monthly obligation for credit card and medical debt is approximately $ 4300.00), plaintiff should so advise the court and may move for reconsideration of his in forma pauperis application.

the Title VII complaint form plaintiff may also include any claims he wishes to assert under 42 U.S.C. § 1981 and the Americans with Disabilities Act.

3. Failure to submit an amended complaint and right to sue letter as instructed may result in a recommendation of dismissal of this action.

4. Plaintiff's motion to proceed <u>in forma pauperis</u>, (doc. 4), is DENIED.

5. Plaintiff's motion for appointment of counsel, (doc. 5), is DENIED, without prejudice.

DONE AND ORDERED this 13th day of February, 2001.

SUSAN M. NOVOTNY
UNITED STATES MAGISTRATE JUDGE