IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS STALLWORTH,

    Plaintiff,

vs.                                                     3:00cv566/LAC/SMN

AMERICAN GENERAL LIFE AND
ACCIDENT INSURANCE,

    Defendant.
_____/

## ORDER

    Plaintiff, who proceeds pro se, has responded to the court's February 13, 2001, order directing him to amend his complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Americans with Disabilities Act complaint within thirty days. (Doc. 13). The filing fee has been paid in full.

    First, plaintiff's response is untimely, having been filed on March 30, 2001. Furthermore, the response consists of a confusing, unwieldy -- and unacceptable -- collection of documents, including resubmitted copies of plaintiff's amended complaint (which now bears his original signature), request for the appointment of counsel, affidavit of financial status, two affidavits attesting to the truthfulness of the statements in his complaint and financial forms, and his "Original Complaint." In addition, the response contains a copy of plaintiff's right to sue letter, an "Addendum on Discrimination," a pleading entitled "Discrimination, Harrassement, Race &

Disability" [sic], a letter to a process server, and a "Charge of Discrimination" form.

Plaintiff's response shall be stricken and returned to him. He shall be given another opportunity to submit the documents the court has directed: an amended complaint containing **all** of the claims he wishes to present to the court for its consideration and the required right to sue letter. Once again, plaintiff is reminded that his amended complaint must consist of a single, integrated document containing **all** of plaintiff's claims and allegations, and it should not refer to or attempt to incorporate the original complaint. The amended complaint completely replaces all previous complaints; once an amended complaint is filed, all earlier complaints are disregarded. Local Rule 15.1, Northern District of Florida. **Plaintiff should not resubmit copies of previously pleadings upon which the court has already ruled**. If plaintiff wishes to move again for the appointment of counsel, leave to proceed <u>in forma pauperis</u>, etc., he is free to do so by submitting **new** motions. Nevertheless, plaintiff is advised that it is unlikely <u>at this time</u> that the court would alter its positions on his previously filed requests. In addition, if there are additional requests that plaintiff desires to make of the court, he must do so in properly formatted and drafted motions.

Plaintiff is reminded that until he has submitted an acceptable complaint the clerk shall not be directed to prepare summonses. Service therefore may not proceed at this time.

Accordingly, it is ORDERED:

1. The clerk shall STRIKE plaintiff's "Amended Complaint" and attached documents, (doc. 7), and return them to plaintiff.

2. The clerk of court is directed to forward to plaintiff a Title VII form.

3. Plaintiff shall have **thirty (30) days** in which to file a third amended complaint which complies with the court's instructions set forth above. The amended complaint shall be typed or clearly written and submitted on the court's Title VII form. A copy of plaintiff's his right to sue letter must be attached. On, or as part of, the Title VII complaint form plaintiff may also include any claims he wishes to assert under 42 U.S.C. § 1981 and the Americans with Disabilities Act.

4. Failure to submit an amended complaint and right to sue letter as instructed may result in a recommendation of dismissal of this action.

DONE AND ORDERED this \_\_6th\_\_ day of April, 2001.

SUSAN M. NOVOTNY
UNITED STATES MAGISTRATE JUDGE